UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

_____
ELIZABETH WITHERS,                )
                                  )
            Plaintiff,            )
                                  )
      v.                          )
                                  )        Civil Action Docket No. _____
AVIS BUDGET CAR RENTAL, LLC,      )
                                  )
            Defendant.            )
                                  )
_____  )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant Avis Budget Car Rental, LLC ("Avis" or "Defendant") hereby notices the removal of this action from the Superior Court for Cumberland County, State of Maine (the "State Court"), to the United States District Court for the District of Maine.  In support of this Notice of Removal, Avis states as follows:

## GROUNDS FOR THE NOTICE OF REMOVAL

1.      On or about July 8, 2016, Plaintiff Elizabeth Withers ("Plaintiff") commenced an action in State Court, captioned *Elizabeth Withers v. Avis Budget Car Rental, LLC*, Civil Action No. CV-16-271 (the "State Court Action").

2.      On or about September 1, 2016, Plaintiff served her Complaint upon Avis.  This Notice of Removal is being filed within thirty (30) days of the date of service of the Complaint upon Avis, as required by 28 U.S.C. § 1446(b). See 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.      Plaintiff's Complaint asserts causes of action arising under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12010, *et seq.*, the Maine Human Rights Act, 5 M.R.S.A. § 4551, *et seq.*, and the Maine Whistleblower's Protection Act, 26 M.R.S.A. § 833.

4.      A copy of all process, pleadings and orders served upon or by Defendant in the State Court Action is attached hereto as **Exhibits A-C**, in accordance with 28 U.S.C. § 1446(a).

## Federal Question

5.      This action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331, because Plaintiff has asserted claims under the ADA, 42 U.S.C. § 12101, *et seq*.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because both claims arise out of Plaintiff's employment with Avis and alleged termination therefrom.

## Diversity of Citizenship

7.      Section 1332(a) provides, in relevant part, as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between —
>
> (1) citizens of different States[.]

8.      This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to § 1332(a) because it is a civil action between citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, as set forth below.

### *Complete Diversity Exists*

9.      According to the Complaint, Plaintiff is a citizen of the State of Maine.   *See* Complaint at ¶ 8.

10.     Avis is a citizen of the States of both Delaware and New Jersey.   For diversity jurisdiction purposes, a limited liability corporation such as Avis is a citizen of each state in

which its members are citizens.  *See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 55 (1st Cir. 2006).

11.     The sole member of Avis is Avis Budget Holdings, LLC ("ABH").  The sole member of ABH is Cendant Finance Holding Company, LLC ("CFHC").  The sole member of CFHC is Avis Budget Group, Inc.  Accordingly, Avis is a citizen of every state where Avis Budget Group, Inc. is a citizen.

12.     For diversity jurisdiction purposes, a corporation such as Avis Budget Group, Inc. is deemed a citizen of its State of incorporation and the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

13.     Avis Budget Group, Inc. is incorporated under the laws of the State of Delaware.

14.     As clarified by the United States Supreme Court, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81; 130 S. Ct. 1181, 1186; 175 L. Ed. 2d 1029, 1034 (2010) (citations omitted).

15.     Avis Budget Group, Inc.'s corporate headquarters are located in the State of New Jersey.  Moreover, a majority of Avis Budget Group, Inc.'s executive and administrative functions are located in the State of New Jersey.  Thus, Avis Budget Group, Inc.'s principal place of business is in the State of New Jersey, and it is therefore a citizen of the State of New Jersey for the purpose of determining diversity of citizenship.

16.     Accordingly, Avis is a citizen of the States of both Delaware and New Jersey, and the parties are completely diverse.

17.     Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed.   Diversity of citizenship continues to exist at the time this Notice of Removal is being filed.

*Amount in Controversy*

18.     Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.

19.     "In assessing the amount in controversy, the Court considers the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of Plaintiff's complaint." *Finley v. George Weston Bakeries Distribution, Inc.*, 473 F. Supp. 2d 105, 106 (D. Me. 2007).   In her Complaint, Plaintiff seeks wages dating back approximately three years. *See* Compl., ¶¶ 56-57, Prayer for Relief ¶ c.   At the end of her employment, Plaintiff was earning approximately $37,000 per year.   Moreover, Plaintiff seeks compensatory damages for costs incurred for health and life insurance premiums, costs associated with seeking new employment, emotional distress damages, and punitive damages.   Compl., Prayer for Relief, ¶¶ d, e, g.   She also seeks attorneys' fees (Compl., Prayer for Relief, ¶ i), which may be considered in estimating whether the amount in controversy on her claim will be over the jurisdictional threshold should she ultimately prevail. *See Raymond v. Lane Const. Corp.*, 527 F. Supp. 2d 156 (D. Me. 2007). As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.   Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

20.     For the reasons stated above, this action is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1332, 1441 and 1446.

21.     This is the District Court of the United States for the district embracing the place where the Action is pending and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

22.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court for Cumberland County and is being served upon Plaintiff's counsel of record.

23.     In filing this Notice of Removal, Avis does not waive any defects in service of process, venue or personal jurisdiction.

WHEREFORE, Defendant Avis respectfully requests that this Action proceed as an action properly removed to the United States District Court for the District of Maine from the Superior Court of the State of Maine for Cumberland County.

Dated:  September 30, 2016

*/s/ Shiloh D. Theberge*
Shiloh D. Theberge (Bar No. 4746)
**LITTLER MENDELSON, P.C.**
1 Monument Square
Suite 600
Portland, ME  04101
Phone: 207.774.6001
stheberge@littler.com

Attorneys for Defendant
Avis Budget Car Rental, LLC

## <u>CERTIFICATE OF SERVICE</u>

I, Shiloh D. Theberge, attorney for Avis Budget Car Rental, LLC, hereby certify that on the date noted below, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to the following:

Peter M. Rice, Bar No. 7277
Disability Rights Maine
24 Stone Street, Suite 204
Augusta, Maine 04330
pmrice@drme.org

Dated: September 30, 2016

*/s/ Shiloh D. Theberge*
Shiloh D. Theberge (Bar No. 4746)
**LITTLER MENDELSON, P.C.**
1 Monument Square
Suite 600
Portland, ME  04101
Phone: 207.774.6001
stheberge@littler.com


Attorneys for Defendant
Avis Budget Car Rental, LLC

*SERVICE COPY*

STATE OF MAINE

SUPERIOR COURT

Cumberland_____, ss.

Docket No._____

DISTRICT COURT

Location _____

Docket No._____

**EXHIBIT**

**A**

Elizabeth Withers_____ Plaintiff

v.

Avis Budget Car Rental, LLC_____ Defendant

1991 Westbrook Street_____ Address

Portland, ME 04102_____

**SUMMONS**

M.R. Civ. P. 4(d)

C/O Corporation Service Co, Agent

The Plaintiff has begun a lawsuit against you in the (~~District~~) (Superior) Court, which holds sessions at (street address) 205 Newbury St. _____, in the Town/City of Portland_____, County of Cumberland_____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of (~~District~~) (Superior) Court, _____, 205 Newbury St_____, Portland_____, Maine 04101____

(Mailing Address)                          (Town, City)                   (Zip)

before, or within a reasonable time after, it is served. Court rules governing the preparation and service of Answer are found at www.courts.maine.gov.

## IMPORTANT WARNING

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

Date: September 1, 2016_____

Kristin Aiello, Esq._____

(Attorney for) Plaintiff

Disability Rights Maine_____ Address

24 Stone St., Ste 204, Augusta, ME 04330

207-626-2774_____ Telephone

(Seal of Court)

_Michele Turnbust_

Clerk

Harry McKenney
Chief Civil Deputy
Kennebec County
Sheriff's Office

SEP 0 1 2016

CV-030, Rev. 06/14

M.R. Civ. P. 5(h)

This summary sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by the Maine Rules of Court or by law. This form is required for the use of the Clerk of Court for the purpose of initiating or updating the civil docket. (SEE ATTACHED INSTRUCTIONS)

**I.** County of Filing or District Court Jurisdiction: **Cumberland County Superior Court**

**II.** CAUSE OF ACTION  (Cite the primary civil statutes under which you are filing, if any.)

Maine Human Rights Act, Maine Whistleblower Protection Act and Americans with Disabilities Act

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 0 8 2016

RECEIVED

**III.** NATURE OF FILING
- [x] Initial Complaint
- [ ] Third-Party Complaint
- [ ] Cross-Claim or Counterclaim
- [ ] If Reinstated or Reopened case, give original Docket Number _____
   (If filing a second or subsequent Money Judgment Disclosure, give docket number of first disclosure)

**IV.** [ ] TITLE TO REAL ESTATE IS INVOLVED

**V.** MOST DEFINITIVE NATURE OF ACTION.  (Place an X in one box only)     Check the box that most closely describes your case.

### GENERAL CIVIL (CV)

Personal Injury Tort
- [ ] Property Negligence
- [ ] Auto Negligence
- [ ] Medical Malpractice
- [ ] Product Liability
- [ ] Assault/Battery
- [ ] Domestic Torts
- [ ] Other Negligence
- [ ] Other Personal Injury Tort

Non-Personal Injury Tort
- [ ] Libel/Defamation
- [ ] Auto Negligence
- [ ] Other Negligence
- [ ] Other Non-Personal Injury Tort

Contract
- [ ] Contract
- [ ] Declaratory/Equitable Relief
- [ ] General Injunctive Relief
- [ ] Declaratory Judgment
- [ ] Other Equitable Relief

Constitutional/Civil Rights
- [x] Constitutional/Civil Rights

Statutory Actions
- [ ] Unfair Trade Practices
- [ ] Freedom of Access
- [ ] Other Statutory Actions

Miscellaneous Civil
- [ ] Drug Forfeitures

- [ ] Other Forfeitures/Property Libels
- [ ] Land Use Enforcement (80K)
- [ ] Administrative Warrant
- [ ] HIV Testing
- [ ] Arbitration Awards
- [ ] Appointment of Receiver
- [ ] Shareholders' Derivative Actions
- [ ] Foreign Deposition
- [ ] Pre-action Discovery
- [ ] Common Law Habeas Corpus
- [ ] Prisoner Transfers
- [ ] Foreign Judgments
- [ ] Minor Settlements
- [ ] Other Civil

### CHILD PROTECTIVE CUSTODY (PC)

- [ ] Non-DHS Protective Custody

### SPECIAL ACTIONS (SA)
Money Judgment
- [ ] Money Judgment Request Disclosure

### REAL ESTATE (RE)

Title Actions
- [ ] Quiet Title
- [ ] Eminent Domain
- [ ] Easements
- [ ] Boundaries

Foreclosure
- [ ] Foreclosure (ADR exempt)
- [ ] Foreclosure (Diversion eligible)
- [ ] Foreclosure - Other

Misc. Real Estate
- [ ] Equitable Remedies
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Adverse Possession

- [ ] Nuisance
- [ ] Abandoned Roads
- [ ] Trespass
- [ ] Other Real Estate

### APPEALS (AP) (To be filed in Superior Court)  (ADR exempt)
- [ ] Governmental Body (80B)
- [ ] Administrative Agency (80C)
- [ ] Other Appeals

**VI.** M.R. Civ. P. 16B Alternative Dispute Resolution (ADR):
- [x] I certify that pursuant to M.R. Civ. P. 16B(b), this case is exempt from a required ADR process because:
  - [ ] It falls within an exemption listed above (i.e., an appeal or an action for non-payment of a note in a secured transaction).
  - [ ] The plaintiff or defendant is incarcerated in a local, state or federal facility.
  - [x] The parties have participated in a statutory pre-litigation screening process with Maine Human Rights Commission
  - [ ] The parties have participated in a formal ADR process with _____ on _____ (date).
  - [ ] This is an action in which the plaintiff's likely damages will not exceed $50,000, and the plaintiff requests an exemption from ADR pursuant to M.R. Civ. P. 16C(g).

VII. (a) ☒ PLAINTIFFS (Name & Address including ___ nty)
or ☐ Third-Party, ☐ Counterclaim or Cross-Claim Plaintiffs
☐ The plaintiff is a prisoner in a local, state or federal facility.

Elizabeth Withers
20 Curtis Dr.
Windham, ME 04062
Cumberland County

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)   If all counsel listed do NOT represent all plaintiffs,
specify who the listed attorney(s) represent.

Kristin L. Aiello, Maine Bar No. 8071
Peter M. Rice, Maine Bar No. 7277
Disability Rights Center
24 Stone Street, Suite 204
Augusta, ME 04330
(207) 626-2774

VIII. (a) ☒ DEFENDANTS (Name & Address including county)
and/or ☐ Third-Party, ☐ Counterclaim or ☐ Cross-Claim Defendants
☐ The defendant is a prisoner in a local, state or federal facility.

Avis Budget Car Rental, LLC
1991 Westbrook Street
Portland, ME 04102

STATE OF MAINE
Cumberland ss ___ _____ Office

RECEIVED

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)   If all counsel listed do NOT represent all defendants,
(If known)   specify who the listed attorney(s) represents.

Shiloh D. Theberge, Maine Bar No. 4746
Littler
One Monument Square, Suite 600
Portland, ME 04101
(207) 669-1112

IX. (a) ☐ PARTIES OF INTEREST (Name & Address including county)

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)   If all counsel listed do NOT represent all parties,
(If known)   specify who the listed attorney(s) represents.

X.   RELATED CASE(S) IF ANY _____
A signed Judge/Justice _____     Docket Number _____

Date: 7/8/16 _____

KRISTIN AIELLO
Name of Plaintiff or Lead Attorney of Record

_____
Signature of Plaintiff or Attorney

CV-001, Rev. 07/15          Page 2 of 3

STATE OF MAINE                         SUPERIOR COURT
CUMBERLAND, SS                    CIVIL ACTION
                                           DOCKET NO.

| | |
|---|---|
| ELIZABETH WITHERS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   **COMPLAINT** |
| | )   **JURY TRIAL REQUESTED** |
| AVIS BUDGET CAR RENTAL, LLC, | ) |
| | ) |
| Defendant | ) |

Plaintiff Elizabeth Withers, by and through the undersigned counsel, complain of Defendant, Avis Budget Car Rental, LLC, as follows:

## I.    INTRODUCTION

1.    This is an action for employment discrimination under the Maine Human Rights Act, 5 M.R.S.A. §§ 4551 *et seq.* ("the Maine Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and the Maine Whistleblower's Protection Act (26 M.R.S.A. § 833) ("MWPA"). Defendant Avis Budget Car Rental, LLC ("Avis") is a company whose primary business is renting cars to the public on a transient basis in facilities across the United States, including at the Portland International Jetport in Portland, Maine. Elizabeth Withers ("Withers") was at all relevant times an employee of Avis who worked at Avis' location in at the Jetport in Portland, Maine, who was subjected to unlawful employment discrimination because of her disability, retaliated against for asserting her rights under the ADA and MHRA and retaliated against for engaging in protected whistleblower activity.

## II.    JURISDICTION AND VENUE

1

2.      Jurisdiction properly lies in this Court pursuant to 5 M.R.S.A. §§ 4613(1), 2612.

3.      Venue properly lies in this Court pursuant to 15 M.R.S.A. § 501 based on Withers' residence in the County of Cumberland, State of Maine.

4.      All conditions precedent to claims under the ADA and the Maine Act have occurred or been performed.

5.      Prior to filing this civil action, Withers duly filed a timely charge of discrimination on the basis of disability and retaliation with the Maine Human Rights Commission and the Equal Employment Opportunity Commission. Withers' charge of discrimination was filed within 300 days of the dates of the adverse actions taken against her, as required by the MHRA, MWPA, and ADA.

6.      On April 11, 2016, the Commission found no reasonable grounds to believe discrimination or retaliation occurred. This action is filed within 90 days of those findings.

7.      On June 28, 2016, Withers received a Right to Sue letter from the Equal Opportunity Employment Commission ("EEOC") authorizing her to bring suit against Avis. This action is filed within 90 days of receipt of this letter.

### III.     PARTIES

**Plaintiff Elizabeth Withers**

8.      Withers is a citizen of the United States and a resident of the City of Windham, County of Cumberland and State of Maine.

9.      Withers is an individual with a disability within the meaning of the Maine Human Rights Act and the Americans with Disabilities Act.

10.     Withers has physical impairments including degenerative disc disease, compressed disc in her spine, lumbago/back pain, sciatica, and arthritis. Each of her physical

2

impairments substantially limit one or more major life activities including performing manual tasks, walking, standing, lifting, bending, sleeping, sitting and concentration. Each of her physical impairments substantially limits the operation of major bodily functions including but not limited to musculoskeletal and neurological functions. Avis regarded Withers as disabled and she has a record of disability.

11.     Avis regarded Withers as disabled within the meaning of the Americans with Disabilities Act and the Maine Human Rights Act.

12.     Withers has a record of disability within the meaning of the Americans with Disabilities Act and the Maine Human Rights Act.

13.     Withers was at all relevant times an employee of Avis.

14.     Withers met the skill, experience, education, and all other requirements of the employment position, Operations Manager, that she held with Avis. At all times, Withers was a competent employee who was experienced in customer service, working independently and with others. At all times, she performed her work duties as Operations Manager satisfactorily, received a promotion, and given duties to train other employees.

15.     Withers was at all relevant times able to perform the essential functions of her job with Avis with or without reasonable accommodation.

16.     Withers was a "qualified individual with a disability" within the meaning of the ADA and the Maine Human Rights Act.

**Defendant Avis Budget Rental**

17.     Avis is a company with its principle place of business in Parsippany, New Jersey.

18.     Avis' primary business is renting cars to the public on a transient basis.

3

19.     Avis, at all material times, owned and operated a facility at the Portland International Jetport in Portland, Maine.

20.     Avis is a "person" within the meaning of the ADA, 42 U.S.C.§ 12111(7).

21.     Avis is engaged in an "industry affecting commerce" within the meaning of the ADA. 42 U.S.C.§ 12111(7).

22.     Avis employed more than 500 employees for each working day in more than 20 weeks, during the preceding year.

23.     At all relevant times, Keith Baylor ("Baylor") was District Manager and Josh Samson ("Samson") was Airport Manager. Dahianara Moran ("Moran") was Regional Human Resource Manager and Robert Calderone ("Calderone") was also a Manager, both with offices in Boston, Massachusetts.

24.     Avis is an "employer" within the meaning of the ADA 42 U.S.C. § 12111(5)(A).

25.     Avis is a "covered entity" within the meaning of the ADA  42 U.S.C. § 12111(2).

26.     Avis is an "employer" within the meaning of the Maine Act. 5 MRSA § 4553(4).

27.     Avis is "person" within the meaning of the Maine Act. 5 MRSA § 4553(4).

28.     At all relevant times, Avis has employed employees whose usual place of employment is in the State of Maine. 5 MRSA § 4553(4).

## IV.     FACTS

29.     On or about April 25, 2012, Withers began working for Avis as an Operations Manager "in training" at Avis' Portland Airport location located at 1001 Westbrook Street, Portland, Maine 04102.

30.     After the completion of her training on June 9, 2012, Avis promoted Withers to Operations Manager.

4

31.     On or about June 5, 2013, Withers injured her back and was diagnosed with physical impairments including degenerative disc disease, compressed disc in her spine, lumbago/back pain, sciatica, and arthritis.

32.     Following her accident, it was very difficult for Withers to move about and she was in excruciating pain that affected everything that she did. Due to her condition, she was unable to go to work. Withers' doctor advised that she take medical leave.

33.     On or about June 7, 203, Withers told Samson that she was unable to come to work because her pain was excruciating and that her doctor advised her to stay out of work for the rest of the week. Withers explained that after the week, the doctor would see how she is doing. Samson told Withers that she needed to be "110 percent" before she could return. Withers told Samson that she would keep him updated on her condition.

34.     Avis subsequently approved medical leave for Withers pursuant to the Family Medical Leave Act which began on or about June 6, 2013.

35.     Avis contracted with Disability Management Alternatives (DMA) to administer leave for Avis employees, including Withers. Throughout Withers' leave, she received monthly correspondence from DMA stating "If you do not return to work on the date following your last FMLA approved date, your absence will be subject to the attendance provisions of the company or work group policy, as appropriate, and the company many consider you to have voluntarily resigned."

36.     On or about July 17, 2013, Withers testified in a deposition in New York in support of the plaintiffs in a class action lawsuit ("the lawsuit") field against Avis.

37.     The lawsuit was filed in the United States District Court, District of New Jersey, against Avis Budget Car Rental LLC and Avis Rent A Car System LLC on behalf of all "shift

5

managers" and "preferred services managers" and individuals holding comparable positions with different titles within the United States including at Avis' Portland Airport location where Withers worked. See Case 2:11-cv-01069-SDW-MCA.

38.    The lawsuit alleged that Avis misclassified Plaintiffs and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in the workweek.

39.    Withers opted to be a class member in the lawsuit alleging that members of the class were entitled to unpaid wages from Avis for all hours worked as well as for overtime work, and for liquidated damages, all pursuant to the Fair Labor Standards Act.

40.    Withers was deposed at the law offices of Littler Mendelson, P.C., 900 Third Avenue, New York, New York on July 17, 2013 from 10:10 a.m. until 5:05 p.m. During Withers' deposition, Airport Manager Samson was present and sitting across from Withers.

41.    Withers' deposition on July 17, 2013 was the last time that Samson ever spoke to Withers despite her repeated attempts to reach him.

42.    When Withers returned to Maine from the deposition in New York, she called Samson and Baylor to update them on her medical condition and to inform them that she was not going to pick up a manager's car for her use that week. Neither Samson nor Baylor returned her calls.

43.    After her deposition on or about July 17, 2013, Avis managers routinely avoided contact with Withers and they did not initiate contact with her. Withers left multiple messages for Samson and Baylor to update them on her medical condition and return to work but neither returned her calls.

6

44.     Because Sampson and Baylor did not return her calls, Withers contacted Human Resources staff Dahianara Moran. Moran told Withers that she would give the message to Baylor.

45.     A few days after Withers called Moran, Baylor called Withers. Withers updated him on her condition, stating that she would be seeing a specialist and that she intended to return to work as soon as possible. Withers indicated that she was receiving regular medical treatment and intent on returning to work as soon as possible.

46.     Withers also spoke with Robert Calderone in the Boston office. She informed Calderone that Baylor and Samson were not returning her calls.

47.     Throughout her leave, Withers kept Avis apprised of her condition and her interest in returning to work. She regularly and timely provided information regarding her medical condition in response to monthly letters from DMA. She also sought to speak with Avis managers.

48.     On or about October 2013, Withers informed Baylor that she was going to a physical therapist and her condition was getting better. Withers indicated that she was looking forward to returning to work.

49.     On or about November 4, 2013, Withers received a letter from Moran dated October 23, 2013, stating that "your FMLA has exhausted as of August 27, 2013 and your position is no longer protected after that date. Therefore, your position is no longer available when you are released to return to work."

50.     No manager ever previously indicated to Withers that her position was in jeopardy, that or her leave created a hardship or that they needed additional information about her leave or accommodations.

51.     Withers immediately called Moran to ask what was going on. Moran stated that if and when she was released to return to work, she could reapply for her position if it was available, but as it stood right now, her position was no longer available because the company doesn't have an open-ended leave policy on their positions. Withers asked if she still has a job with Avis Budget. Moran again stated to Withers that her position is no longer available. Moran suggested to Withers that she had "voluntarily left" her position. Withers objected and said she did not "voluntarily leave." She said she was in regular contact with Avis and intent on returning to work soon.

52.     Withers asked if her position had been posted and Moran said she did not know. Moran suggested that Withers go online to see what is available. Withers referenced the handbook and asked if they are terminating her from her manager position, shouldn't they bump her to another position that is available, like rental agent. Moran said, without providing further explanation, that there is no position to be bumped into.

53.     Thereafter, Withers' physician indicated that she could return to work part time, up to four hours per day, prior to working a full time schedule.

54.     On or about November 12, 2013, Withers left Baylor a voicemail message stating that she had just left her doctor's office, and that, effective December 2, 2013, she could return to work up to four hours per day with modified duty. She asked to be put on the schedule. Baylor did not return Withers' call.

55.     Withers then called Moran and told her she was released to go back to work for up to four hours per day, and that she was hoping in an additional week she would be back to full time duty. Moran told Withers that Avis could not accommodate a part time schedule. Moran told Withers that she would have to reapply for her position.

8

56.     Moran sent Withers a letter dated November 22, 2013 indicating that Avis could not accommodate a four hour schedule and "furthermore, as you know, your FMLA exhausted on August 27, 2013 and your position was no longer protected after that date. Since you are unable to perform the essential functions of your job at this time, and we are unable to accommodate a reduced hour schedule, your employment will be administratively terminated and treated as a voluntary termination as of the date of this letter." The letter stated that Withers could reapply for employment upon her recovery.

57.     On or about December 10, 2013, Withers' physician returned her to full time work.

58.     On or around December 2013, Withers was searching online for work and found her position with Avis was available and listed on Craigslist. On or around December 27, 2013, Withers submitted her job application online, and confirmed that her application had been accepted.

59.     Avis never contacted Withers in response to her application for rehire. Avis did not rehire Withers although she was fully trained, well qualified and demonstrated that she could do the job well.

60.     On or about February 17, 2014, Avis hired an individual for the airport Operations Manager position that Withers previously held. On information and belief, this individual was less qualified than Withers.

## COUNT I – THE MAINE ACT
## FAILURE TO ACCOMMODATE

61.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

62.     It is unlawful discrimination under the Maine Human Rights Act for an employer to not make reasonable accommodation to the known physical limitations of an otherwise qualified employee.

63.     Although Withers had requested additional leave, followed by a work-hardening period leading to her return, and although Withers had provided medical information in support of her accommodation requests, Avis violated the ADA by failing to provide Withers with reasonable accommodation and by failing to engage in the interactive process.

64.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

<u>COUNT II – THE ADA</u><br><b>FAILURE TO ACCOMMODATE</b>

65.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

66.     It is unlawful discrimination under the ADA for an employer not to make reasonable accommodation to the known physical limitations of an otherwise qualified employee.

67.     Although Withers had requested additional leave, followed by a work-hardening period leading to her return, and although Withers had provided medical information in support of her accommodation requests, Avis violated the ADA by failing to provide Withers with reasonable accommodation and by failing to engage in the interactive process.

68.     Avis acted intentionally, with malice, and with reckless indifference for Elizabeth Withers' rights under the ADA.

<u>COUNT III – THE MAINE ACT</u><br><b>TERMINATION</b>

69.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

70.     Avis violated the Maine Act by terminating Withers due to her disability due to her disability, and due to her need and request for a reasonable accommodation.

71.     Avis violated the Maine Act by discriminating against Withers based on her disability with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

72.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT IV – THE ADA
### TERMINATION

73.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

74.     Avis violated the ADA by terminating Withers due to her disability due to her disability, and due to her need and request for a reasonable accommodation.

75.     Avis violated the ADA by discriminating against Withers based on her disability with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

76.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

## COUNT V – THE MAINE ACT
### FAILURE TO HIRE

77.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

78.     Avis violated the Maine Act by failing to hire Withers because of her disability and past accommodation needs or requests, and with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

79.     Avis violated the Maine Act by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability and that that perpetuate the discrimination of others who are subject to common administrative control.

80.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT VI – THE ADA
## FAILURE TO HIRE

81.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

82.     Avis violated the ADA by failing to hire Withers because of her disability and past accommodation needs or requests, and with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

83.     Avis violated the ADA by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability and that that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §§ 12112(b)(3) and (b)(6).

84.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

12

## COUNT VII – THE MAINE ACT
### RETALIATION

85.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

86.     Pursuant to the Maine Human Rights Act, it is unlawful for a person to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of the rights granted or protected by this Act or because that individual has exercised or enjoyed those rights.

87.     Avis violated the Maine Act by interfering with or retaliating against Withers for asserting her rights under the Maine Act.

88.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT VIII – THE ADA
### RETALIATION

89.     Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

90.     Pursuant to the ADA, it is unlawful for a person to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of the rights granted or protected by the ADA or because that individual has exercised or enjoyed those rights.

91.     Avis violated the ADA by interfering with or retaliating against Withers for asserting her rights under the ADA.

92.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

93.     Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

13

<u>COUNT IX</u>
**WHISTLEBLOWER DISCRIMINATION**

94.    Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

95.    Withers, in the course of her employment, provided testimony in a deposition as a class action plaintiff alleging violations of federal law, the Fair Labor Standards Act, against Avis Budget Rental, LLC.

96.    In retaliation for Withers' reports of violations of federal law, Avis terminated and otherwise discriminated against Withers in violation of the MHRA and the Maine Whistleblower's Protection Act.

97.    Withers has been injured by Avis' conduct.

**VI.    PRAYER FOR RELIEF**

WHEREFORE, Elizabeth Withers respectfully prays that this Court

a.    Grant a permanent injunction enjoining Avis, its owners, officers, management personnel, employees, agents, successors, and assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

b.    Order Avis to institute and carry out policies, practices, trainings and programs that provide equal employment opportunities to qualified individuals with disabilities, and that eradicate the effects of past and present unlawful employment practices;

c.    Order Avis to make whole Withers by providing him with appropriate lost earnings and benefits, with prejudgment interest, in amounts to be proved at trial, and other

14

affirmative relief necessary to eradicate the effects of its unlawful employment practices,

including but not limited to reinstatement and reasonable accommodations.

     d.     Order Avis to make whole Withers by providing compensation for pecuniary

losses, including but not limited to costs to be incurred for health and life insurance premiums

and costs of seeking new employment, in amounts to be determined at trial;

     e.     Order Avis to make whole Withers by providing compensation for nonpecuniary

losses, including emotional pain, suffering, inconvenience, physical medical problems and

mental anguish in amounts to be proved at trial;

     f.     Order Avis to pay nominal damages.

     g.     Order Avis to pay Withers punitive damages in an amount to be determined at

trial.

     i.     Order Avis to pay attorneys fees, litigation expenses, and costs of this action

     j.     Grant the Commission its costs in this action.

     k.     Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL REQUESTED

Elizabeth Withers requests a jury trial.


Dated: 7/8/16

_____

Kristin L. Aiello, Maine Bar No. 8071
Attorney for Elizabeth Withers
Disability Rights Maine
24 Stone Street, Suite 204
Augusta, Maine  04330
(207) 626 2774 ext. 223
kaiello@drme.org

15

Dated: 7/8/16

_Kurt Flem for Peter Rice_
Peter M. Rice, Maine Bar No. 7277
Attorney for Elizabeth Withers
Disability Rights Maine
24 Stone Street, Suite 204
Augusta, Maine  04330
(207) 626 2774 ext. 223
pmrice@drme.org

16

EXHIBIT

*B*

| STATE OF MAINE | | SUPERIOR COURT |
| CUMBERLAND, SS. | | CIVIL ACTION |
| | | DOCKET NO. <u>CV-16-271</u> |

|  |  |  |
|---|---|---|
| ELIZABETH WITHERS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | DEFENDANT'S CONSENT MOTION |
| | ) | FOR ENLARGEMENT OF TIME TO |
| AVID BUDGET CAR RENTAL, LLC, | ) | ANSWER OR OTHERWISE RESPOND |
| | ) | TO PLAINTIFF'S COMPLAINT |
| DEFENDANT. | ) | |
| | ) | |
| | ) | |

Pursuant to Me. R. Civ. P. 6, Defendant Avis Budget Car Rental, LLC ("Defendant") asks this Court for a three-week enlargement of time within which to answer or otherwise respond to Plaintiff's Complaint. In support of this motion, Defendant submits the following:

1.      On or about July 8, 2016, Plaintiff filed a Complaint against Defendant in the Cumberland Superior Court. On or about September 1, 2016, Defendant was served with a copy of Plaintiff's Complaint and Summons.

2.      The Answer or other responsive pleading in the above matter is currently due on September 21, 2016.

3.      In order to obtain all of the information necessary to respond to the Complaint, defense counsel must ask for an additional three weeks to prepare and file the responsive pleading.

4.      Plaintiff's counsel, Kristin L. Aiello and Peter M. Rice, have agreed to this three-week enlargement of time for Defendant to answer or otherwise respond to Plaintiff's Complaint.

WHEREFORE, based on the foregoing, Defendant respectfully requests that its motion for a three-week enlargement of time be granted, giving it until October 12, 2016, to answer or otherwise respond to Plaintiff's Complaint.

Dated:  September 20, 2016

Shiloh D. Theberge (Bar No. 4746)
**LITTLER MENDELSON, P.C.**
1 Monument Square
Suite 600
Portland, ME  04101
Phone: 207.774.6001
stheberge@littler.com

Attorney for Defendant

STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, SS.                                   CIVIL ACTION
                                                  DOCKET NO. CV-16-271

———————————————————
                                        )
ELIZABETH WITHERS,                      )
                                        )
        PLAINTIFF,                      )
                                        )
    v.                                  )
                                        )    ORDER GRANTING DEFENDANT'S
AVID BUDGET CAR RENTAL, LLC,            )    CONSENT MOTION FOR
                                        )    ENLARGEMENT OF TIME TO
        DEFENDANT.                      )    ANSWER OR OTHERWISE RESPOND
                                        )    TO PLAINTIFF'S COMPLAINT
                                        )
———————————————————     )

        Upon finding cause for the Defendant's Consent Motion for Enlargement of Time to

Answer or Otherwise Respond to Plaintiff's Complaint, Defendant's Consent Motion is hereby

Granted.

        The time for filing a responsive pleading to answer or otherwise respond to Plaintiff's

Complaint, therefore, shall be enlarged from September 21, 2016 up to and including October

12, 2016.

Dated: _____


                                        _____
                                        Justice, Superior Court

**EXHIBIT**

C

STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-271

)
)
ELIZABETH WITHERS,                      )
)
      PLAINTIFF,                       )
)
    v.                                  )
)    ORDER GRANTING DEFENDANT'S
AVID BUDGET CAR RENTAL, LLC,            )    CONSENT MOTION FOR
)    ENLARGEMENT OF TIME TO
      DEFENDANT.                       )    ANSWER OR OTHERWISE RESPOND
)    TO PLAINTIFF'S COMPLAINT
)
)

      Upon finding cause for the Defendant's Consent Motion for Enlargement of Time to

Answer or Otherwise Respond to Plaintiff's Complaint, Defendant's Consent Motion is hereby

Granted.

      The time for filing a responsive pleading to answer or otherwise respond to Plaintiff's

Complaint, therefore, shall be enlarged from September 21, 2016 up to and including October

12, 2016.

Dated: _9-21-16_

_____
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 21 2016

RECEIVED