| | |
|---|---|
| STATE OF MAINE<br>CUMBERLAND, SS | SUPERIOR COURT<br>CIVIL ACTION<br>DOCKET NO. |

ELIZABETH WITHERS, )
           Plaintiff )
)
v. )     **COMPLAINT**
)     **JURY TRIAL REQUESTED**
AVIS BUDGET CAR RENTAL, LLC, )
)
           Defendant )

Plaintiff Elizabeth Withers, by and through the undersigned counsel, complain of Defendant, Avis Budget Car Rental, LLC, as follows:

## I. INTRODUCTION

1. This is an action for employment discrimination under the Maine Human Rights Act, 5 M.R.S.A. §§ 4551 *et seq.* ("the Maine Act"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* and the Maine Whistleblower's Protection Act (26 M.R.S.A. § 833) ("MWPA"). Defendant Avis Budget Car Rental, LLC ("Avis") is a company whose primary business is renting cars to the public on a transient basis in facilities across the United States, including at the Portland International Jetport in Portland, Maine. Elizabeth Withers ("Withers") was at all relevant times an employee of Avis who worked at Avis' location in at the Jetport in Portland, Maine, who was subjected to unlawful employment discrimination because of her disability, retaliated against for asserting her rights under the ADA and MHRA and retaliated against for engaging in protected whistleblower activity.

## II. JURISDICTION AND VENUE

2. Jurisdiction properly lies in this Court pursuant to 5 M.R.S.A. §§ 4613(1), 2612.

3. Venue properly lies in this Court pursuant to 15 M.R.S.A. § 501 based on Withers' residence in the County of Cumberland, State of Maine.

4. All conditions precedent to claims under the ADA and the Maine Act have occurred or been performed.

5. Prior to filing this civil action, Withers duly filed a timely charge of discrimination on the basis of disability and retaliation with the Maine Human Rights Commission and the Equal Employment Opportunity Commission. Withers' charge of discrimination was filed within 300 days of the dates of the adverse actions taken against her, as required by the MHRA, MWPA, and ADA.

6. On April 11, 2016, the Commission found no reasonable grounds to believe discrimination or retaliation occurred. This action is filed within 90 days of those findings.

7. On June 28, 2016, Withers received a Right to Sue letter from the Equal Opportunity Employment Commission ("EEOC") authorizing her to bring suit against Avis. This action is filed within 90 days of receipt of this letter.

### III.   PARTIES

#### Plaintiff Elizabeth Withers

8. Withers is a citizen of the United States and a resident of the City of Windham, County of Cumberland and State of Maine.

9. Withers is an individual with a disability within the meaning of the Maine Human Rights Act and the Americans with Disabilities Act.

10. Withers has physical impairments including degenerative disc disease, compressed disc in her spine, lumbago/back pain, sciatica, and arthritis. Each of her physical

impairments substantially limit one or more major life activities including performing manual tasks, walking, standing, lifting, bending, sleeping, sitting and concentration. Each of her physical impairments substantially limits the operation of major bodily functions including but not limited to musculoskeletal and neurological functions. Avis regarded Withers as disabled and she has a record of disability.

11. Avis regarded Withers as disabled within the meaning of the Americans with Disabilities Act and the Maine Human Rights Act.

12. Withers has a record of disability within the meaning of the Americans with Disabilities Act and the Maine Human Rights Act.

13. Withers was at all relevant times an employee of Avis.

14. Withers met the skill, experience, education, and all other requirements of the employment position, Operations Manager, that she held with Avis. At all times, Withers was a competent employee who was experienced in customer service, working independently and with others. At all times, she performed her work duties as Operations Manager satisfactorily, received a promotion, and given duties to train other employees.

15. Withers was at all relevant times able to perform the essential functions of her job with Avis with or without reasonable accommodation.

16. Withers was a "qualified individual with a disability" within the meaning of the ADA and the Maine Human Rights Act.

**Defendant Avis Budget Rental**

17. Avis is a company with its principle place of business in Parsippany, New Jersey.

18. Avis' primary business is renting cars to the public on a transient basis.

19. Avis, at all material times, owned and operated a facility at the Portland International Jetport in Portland, Maine.

20. Avis is a "person" within the meaning of the ADA, 42 U.S.C.§ 12111(7).

21. Avis is engaged in an "industry affecting commerce" within the meaning of the ADA. 42 U.S.C.§ 12111(7).

22. Avis employed more than 500 employees for each working day in more than 20 weeks, during the preceding year.

23. At all relevant times, Keith Baylor ("Baylor") was District Manager and Josh Samson ("Samson") was Airport Manager. Dahianara Moran ("Moran") was Regional Human Resource Manager and Robert Calderone ("Calderone") was also a Manager, both with offices in Boston, Massachusetts.

24. Avis is an "employer" within the meaning of the ADA 42 U.S.C. § 12111(5)(A).

25. Avis is a "covered entity" within the meaning of the ADA 42 U.S.C. § 12111(2).

26. Avis is an "employer" within the meaning of the Maine Act. 5 MRSA § 4553(4).

27. Avis is "person" within the meaning of the Maine Act. 5 MRSA § 4553(4).

28. At all relevant times, Avis has employed employees whose usual place of employment is in the State of Maine. 5 MRSA § 4553(4).

## IV.   FACTS

29. On or about April 25, 2012, Withers began working for Avis as an Operations Manager "in training" at Avis' Portland Airport location located at 1001 Westbrook Street, Portland, Maine 04102.

30. After the completion of her training on June 9, 2012, Avis promoted Withers to Operations Manager.

31. On or about June 5, 2013, Withers injured her back and was diagnosed with physical impairments including degenerative disc disease, compressed disc in her spine, lumbago/back pain, sciatica, and arthritis.

32. Following her accident, it was very difficult for Withers to move about and she was in excruciating pain that affected everything that she did. Due to her condition, she was unable to go to work. Withers' doctor advised that she take medical leave.

33. On or about June 7, 203, Withers told Samson that she was unable to come to work because her pain was excruciating and that her doctor advised her to stay out of work for the rest of the week. Withers explained that after the week, the doctor would see how she is doing. Samson told Withers that she needed to be "110 percent" before she could return. Withers told Samson that she would keep him updated on her condition.

34. Avis subsequently approved medical leave for Withers pursuant to the Family Medical Leave Act which began on or about June 6, 2013.

35. Avis contracted with Disability Management Alternatives (DMA) to administer leave for Avis employees, including Withers. Throughout Withers' leave, she received monthly correspondence from DMA stating "If you do not return to work on the date following your last FMLA approved date, your absence will be subject to the attendance provisions of the company or work group policy, as appropriate, and the company many consider you to have voluntarily resigned."

36. On or about July 17, 2013, Withers testified in a deposition in New York in support of the plaintiffs in a class action lawsuit ("the lawsuit") field against Avis.

37. The lawsuit was filed in the United States District Court, District of New Jersey, against Avis Budget Car Rental LLC and Avis Rent A Car System LLC on behalf of all "shift

5

managers" and "preferred services managers" and individuals holding comparable positions with different titles within the United States including at Avis' Portland Airport location where Withers worked. See Case 2:11-cv-01069-SDW-MCA.

38. The lawsuit alleged that Avis misclassified Plaintiffs and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in the workweek.

39. Withers opted to be a class member in the lawsuit alleging that members of the class were entitled to unpaid wages from Avis for all hours worked as well as for overtime work, and for liquidated damages, all pursuant to the Fair Labor Standards Act.

40. Withers was deposed at the law offices of Littler Mendelson, P.C., 900 Third Avenue, New York, New York on July 17, 2013 from 10:10 a.m. until 5:05 p.m. During Withers' deposition, Airport Manager Samson was present and sitting across from Withers.

41. Withers' deposition on July 17, 2013 was the last time that Samson ever spoke to Withers despite her repeated attempts to reach him.

42. When Withers returned to Maine from the deposition in New York, she called Samson and Baylor to update them on her medical condition and to inform them that she was not going to pick up a manager's car for her use that week. Neither Samson nor Baylor returned her calls.

43. After her deposition on or about July 17, 2013, Avis managers routinely avoided contact with Withers and they did not initiate contact with her. Withers left multiple messages for Samson and Baylor to update them on her medical condition and return to work but neither returned her calls.

44. Because Sampson and Baylor did not return her calls, Withers contacted Human Resources staff Dahianara Moran. Moran told Withers that she would give the message to Baylor.

45. A few days after Withers called Moran, Baylor called Withers. Withers updated him on her condition, stating that she would be seeing a specialist and that she intended to return to work as soon as possible. Withers indicated that she was receiving regular medical treatment and intent on returning to work as soon as possible.

46. Withers also spoke with Robert Calderone in the Boston office. She informed Calderone that Baylor and Samson were not returning her calls.

47. Throughout her leave, Withers kept Avis apprised of her condition and her interest in returning to work. She regularly and timely provided information regarding her medical condition in response to monthly letters from DMA. She also sought to speak with Avis managers.

48. On or about October 2013, Withers informed Baylor that she was going to a physical therapist and her condition was getting better. Withers indicated that she was looking forward to returning to work.

49. On or about November 4, 2013, Withers received a letter from Moran dated October 23, 2013, stating that "your FMLA has exhausted as of August 27, 2013 and your position is no longer protected after that date. Therefore, your position is no longer available when you are released to return to work."

50. No manager ever previously indicated to Withers that her position was in jeopardy, that or her leave created a hardship or that they needed additional information about her leave or accommodations.

7

51. Withers immediately called Moran to ask what was going on. Moran stated that if and when she was released to return to work, she could reapply for her position if it was available, but as it stood right now, her position was no longer available because the company doesn't have an open-ended leave policy on their positions. Withers asked if she still has a job with Avis Budget. Moran again stated to Withers that her position is no longer available. Moran suggested to Withers that she had "voluntarily left" her position. Withers objected and said she did not "voluntarily leave." She said she was in regular contact with Avis and intent on returning to work soon.

52. Withers asked if her position had been posted and Moran said she did not know. Moran suggested that Withers go online to see what is available. Withers referenced the handbook and asked if they are terminating her from her manager position, shouldn't they bump her to another position that is available, like rental agent. Moran said, without providing further explanation, that there is no position to be bumped into.

53. Thereafter, Withers' physician indicated that she could return to work part time, up to four hours per day, prior to working a full time schedule.

54. On or about November 12, 2013, Withers left Baylor a voicemail message stating that she had just left her doctor's office, and that, effective December 2, 2013, she could return to work up to four hours per day with modified duty. She asked to be put on the schedule. Baylor did not return Withers' call.

55. Withers then called Moran and told her she was released to go back to work for up to four hours per day, and that she was hoping in an additional week she would be back to full time duty. Moran told Withers that Avis could not accommodate a part time schedule. Moran told Withers that she would have to reapply for her position.

8

56. Moran sent Withers a letter dated November 22, 2013 indicating that Avis could not accommodate a four hour schedule and "furthermore, as you know, your FMLA exhausted on August 27, 2013 and your position was no longer protected after that date. Since you are unable to perform the essential functions of your job at this time, and we are unable to accommodate a reduced hour schedule, your employment will be administratively terminated and treated as a voluntary termination as of the date of this letter." The letter stated that Withers could reapply for employment upon her recovery.

57. On or about December 10, 2013, Withers' physician returned her to full time work.

58. On or around December 2013, Withers was searching online for work and found her position with Avis was available and listed on Craigslist. On or around December 27, 2013, Withers submitted her job application online, and confirmed that her application had been accepted.

59. Avis never contacted Withers in response to her application for rehire. Avis did not rehire Withers although she was fully trained, well qualified and demonstrated that she could do the job well.

60. On or about February 17, 2014, Avis hired an individual for the airport Operations Manager position that Withers previously held. On information and belief, this individual was less qualified than Withers.

### COUNT I – THE MAINE ACT
### FAILURE TO ACCOMMODATE

61. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

9

62. It is unlawful discrimination under the Maine Human Rights Act for an employer to not make reasonable accommodation to the known physical limitations of an otherwise qualified employee.

63. Although Withers had requested additional leave, followed by a work-hardening period leading to her return, and although Withers had provided medical information in support of her accommodation requests, Avis violated the ADA by failing to provide Withers with reasonable accommodation and by failing to engage in the interactive process.

64. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT II – THE ADA
## FAILURE TO ACCOMMODATE

65. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

66. It is unlawful discrimination under the ADA for an employer not to make reasonable accommodation to the known physical limitations of an otherwise qualified employee.

67. Although Withers had requested additional leave, followed by a work-hardening period leading to her return, and although Withers had provided medical information in support of her accommodation requests, Avis violated the ADA by failing to provide Withers with reasonable accommodation and by failing to engage in the interactive process.

68. Avis acted intentionally, with malice, and with reckless indifference for Elizabeth Withers' rights under the ADA.

## COUNT III – THE MAINE ACT
## TERMINATION

69. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

70. Avis violated the Maine Act by terminating Withers due to her disability due to her disability, and due to her need and request for a reasonable accommodation.

71. Avis violated the Maine Act by discriminating against Withers based on her disability with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

72. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

### COUNT IV – THE ADA
### TERMINATION

73. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

74. Avis violated the ADA by terminating Withers due to her disability due to her disability, and due to her need and request for a reasonable accommodation.

75. Avis violated the ADA by discriminating against Withers based on her disability with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

76. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

### COUNT V – THE MAINE ACT
### FAILURE TO HIRE

77.    Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

78.    Avis violated the Maine Act by failing to hire Withers because of her disability and past accommodation needs or requests, and with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

79.    Avis violated the Maine Act by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability and that that perpetuate the discrimination of others who are subject to common administrative control.

80.    Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT VI – THE ADA
## FAILURE TO HIRE

81.    Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

82.    Avis violated the ADA by failing to hire Withers because of her disability and past accommodation needs or requests, and with respect to terms, conditions and privileges of employment and any other matter directly or indirectly related to employment.

83.    Avis violated the ADA by utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability and that that perpetuate the discrimination of others who are subject to common administrative control in violation of 42 U.S.C. §§ 12112(b)(3) and (b)(6).

84.    Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

## COUNT VII – THE MAINE ACT
### RETALIATION

85. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

86. Pursuant to the Maine Human Rights Act, it is unlawful for a person to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of the rights granted or protected by this Act or because that individual has exercised or enjoyed those rights.

87. Avis violated the Maine Act by interfering with or retaliating against Withers for asserting her rights under the Maine Act.

88. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the Maine Act.

## COUNT VIII – THE ADA
### RETALIATION

89. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

90. Pursuant to the ADA, it is unlawful for a person to coerce, intimidate, threaten or interfere with any individual in the exercise or enjoyment of the rights granted or protected by the ADA or because that individual has exercised or enjoyed those rights.

91. Avis violated the ADA by interfering with or retaliating against Withers for asserting her rights under the ADA.

92. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

93. Avis acted intentionally, with malice, and with reckless indifference for Withers' rights under the ADA.

## COUNT IX
## WHISTLEBLOWER DISCRIMINATION

94. Plaintiff Elizabeth Withers realleges and hereby incorporates by reference all of the foregoing paragraphs as if set forth in their entirety herein.

95. Withers, in the course of her employment, provided testimony in a deposition as a class action plaintiff alleging violations of federal law, the Fair Labor Standards Act, against Avis Budget Rental, LLC.

96. In retaliation for Withers' reports of violations of federal law, Avis terminated and otherwise discriminated against Withers in violation of the MHRA and the Maine Whistleblower's Protection Act.

97. Withers has been injured by Avis' conduct.

### VI. PRAYER FOR RELIEF

WHEREFORE, Elizabeth Withers respectfully prays that this Court

a. Grant a permanent injunction enjoining Avis, its owners, officers, management personnel, employees, agents, successors, and assigns and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of disability;

b. Order Avis to institute and carry out policies, practices, trainings and programs that provide equal employment opportunities to qualified individuals with disabilities, and that eradicate the effects of past and present unlawful employment practices;

c. Order Avis to make whole Withers by providing him with appropriate lost earnings and benefits, with prejudgment interest, in amounts to be proved at trial, and other

affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and reasonable accommodations.

    d.    Order Avis to make whole Withers by providing compensation for pecuniary losses, including but not limited to costs to be incurred for health and life insurance premiums and costs of seeking new employment, in amounts to be determined at trial;

    e.    Order Avis to make whole Withers by providing compensation for nonpecuniary losses, including emotional pain, suffering, inconvenience, physical medical problems and mental anguish in amounts to be proved at trial;

    f.    Order Avis to pay nominal damages.

    g.    Order Avis to pay Withers punitive damages in an amount to be determined at trial.

    i.    Order Avis to pay attorneys fees, litigation expenses, and costs of this action

    j.    Grant the Commission its costs in this action.

    k.    Grant such further relief as the Court deems necessary and proper.

**JURY TRIAL REQUESTED**

Elizabeth Withers requests a jury trial.

Dated: 7/8/16

_Kristin L. Aiello_ (signature)
Kristin L. Aiello, Maine Bar No. 8071
Attorney for Elizabeth Withers
Disability Rights Maine
24 Stone Street, Suite 204
Augusta, Maine 04330
(207) 626 2774 ext. 223
kaiello@drme.org

Dated: 7/8/16

_____
Peter M. Rice, Maine Bar No. 7277
Attorney for Elizabeth Withers
Disability Rights Maine
24 Stone Street, Suite 204
Augusta, Maine 04330
(207) 626 2774 ext. 223
pmrice@drme.org